UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ARTHUR RICHARDSON,

    Petitioner,

v.

DONALD R. HOLBROOK,

    Respondent.

CASE NO. 3:20-CV-5178-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: September 4, 2020

    The District Court has referred this action, filed pursuant to 28 U.S.C. § 2254, to United States Magistrate Judge David W. Christel. Presently before the Court is John Arthur Richardson's Motion to Withdraw Petition. Dkt. 13. After reviewing the relevant record, the Court recommends the Motion be granted and this case be dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**I.    Background**

    Petitioner initiated this case on February 26, 2020. Dkt. 1. The Court directed service of the Petition on April 21, 2020. Dkt. 8. Respondent Donald Holbrook filed an Answer to the Petition and the relevant state court record on June 5, 2020. Dkt. 11-12. In the Answer,

Respondent maintains the Petition is time-barred and, even if the Petition is deemed timely, Petitioner has not shown the state court's determination was contrary to or an unreasonable application of clearly established federal law. Dkt. 11. Petitioner did not file a response to the Answer and, on July 24, 2020, filed the pending Motion requesting his Petition be dismissed without prejudice. Dkt. 13. Respondent filed a Response to the Motion on July 30, 2020. Dkt. 14.

## II.     Discussion

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Courts have held Rule 41 applies to § 2254 cases. *See Orozco v. California Dep't of Corr.*, 2017 WL 6626637, at *4 (C.D. Cal. Dec. 28, 2017) (applying Rule 41 to a § 2254 action); *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases").

Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the petitioner if the petitioner files a notice of dismissal before the respondent files an answer or summary judgment motion and the petitioner has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the respondent has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2). The Court should grant a motion for voluntary dismissal unless the opposing party will suffer legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2010).

Petitioner requested dismissal of his Petition after Respondent filed an answer, and a stipulation to dismiss has not been filed in this case. *See* Dkt. 11, 13, 14. Thus, dismissal is proper only through a Court order.

1  Here, Respondent filed a Response to the Motion stating he has no objection to the
2  Motion. Dkt. 14. Further, the Court finds Respondent will not be prejudiced or unfairly affected
3  by dismissal of this action. Therefore, the Court concludes it is proper to allow Petitioner to
4  voluntarily dismiss this action. *See Stevedoring Services of America v. Armilla Intern. B.V.*, 889
5  F.3d 919, 921 (9th Cir. 1989) ("The purpose of the rule is to permit a plaintiff to dismiss an
6  action without prejudice so long as the defendant will not be prejudiced or unfairly affected by
7  dismissal." (internal citations omitted)).

### III.  Conclusion

For the foregoing reasons, the Court recommends Petitioner's Motion (Dkt. 13) be granted and this action be dismissed without prejudice pursuant to Rule 41(a)(2). As Petitioner has requested this case be dismissed, the Court finds any appeal of this matter would be frivolous. Thus, the Court finds a certificate of appealability should not be issued and Petitioner's *in forma pauperis* status should be revoked for purposes of any appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 4, 2020, as noted in the caption.

Dated this 19th day of August, 2020.

David W. Christel
United States Magistrate Judge